# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RODNEY JONATHAN MOBLEY,

        Defendant.

**3:17-CR-279-MOC**

## MEMORANDUM OF LAW

### *HEARING REQUESTED*

Defendant Rodney Jonathan Mobley, by and through his counsel of record, First Assistant Federal Defender John Parke Davis, moves to suppress the evidence found in violation of his constitutional rights under the Fourth Amendment and all evidence obtained therefrom.

### <u>INTRODUCTION</u>

This case requires the Court to do nothing more than believe its own eyes. Officers of the Charlotte Mecklenburg Police Department ("CMPD") pulled Mr. Mobley over, claiming that a tinted rain cover made his temporary tag "unreadable." But the Court can see from the officers' body cam footage, screenshots of which are attached as an Exhibit, the temporary tag was clearly and entirely legible. Thus, the officers had no constitutional basis to stop Mr. Mobley's vehicle, and all evidence obtained as a result of the stop must therefore be suppressed.

### I.    Background

On the evening of April 3, 2017, Mr. Mobley and his girlfriend had just picked up pizza and chicken wings at Little Caesar's and were on their way home, eager to watch the NCAA

championship game. As they were sitting at a red light at the intersection of West Boulevard and Remount Road, a CMPD vehicle pulled up behind them. *See* Exhibit A (Incident Report).[1] After the light changed, Rubino and Helms followed closely behind Mr. Mobley's vehicle and then initiated a traffic stop. *Id.*

The officers did not claim that Mr. Mobley was speeding or committing any traffic violations. The sole reason they gave for stopping Mr. Mobley is that "the vehicle had a tinted cover over the registration number plate, making it unreadable." *Id.* (Rubino Statement); *see also id.* (Helms Statement) (noting that traffic stop was initiated due to the "vehicle displaying a dark colored cover over the vehicle's rear license plate that did not allow for the NC temporary 30-day paper tag to be legibly read"). Importantly, North Carolina law does *not* prohibit the use of license plate covers; a driver commits an infraction *only* if the cover renders the plate "illegible." N.C.G.S. § 20-63. The officers clearly understood this distinction; they repeatedly informed Mr. Mobley and his passenger during the traffic stop that they pulled them over because the temporary tag was "unreadable."

Rubino and Helms approached the vehicle and briefly spoke with Mr. Mobley and his passenger before claiming—despite the smell of fresh pizza and chicken wings—to smell marijuana. Upon questioning, Mr. Mobley admitted that he had "smoked" at some point "earlier," but denied that anything was inside the car. Based on this statement and the smell of marijuana, the officers detained Mr. Mobley and conducted a search of the entire vehicle. *Id.* In addition, they called a backup officer, Jonathan Gonzalez, to the scene. *See id.* Based on contraband found in the vehicle, the officers arrested Mr. Mobley.

---

[1] Exhibit A includes the police incident report as well as statements from officers Jesse Rubino, Joseph Helms, and Jonathan Gonzalez.

## LAW AND ARGUMENT

An automobile stop is a seizure of the person, and must comply with the Fourth Amendment's requirement "that it not be 'unreasonable' under the circumstances." *United States v. Wilson*, 205 F.3d 720, 722 (4th Cir. 2000) (quoting *Whren v. United States*, 517 U.S. 806, 809–10 (1996)). "As a result, such a stop must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct." *Id.* (internal quotation omitted).

Here, the sole basis the officers gave for the stop was that Mr. Mobley allegedly committed an infraction in violation of N.C.G.S. § 20-63. In relevant part, that statute provides:

> Any operator of a motor vehicle who covers any registration plate with any frame or transparent, clear, or color-tinted cover that makes a number or letter included in the vehicle's registration, the State name on the plate, or a number or month on the registration renewal sticker on the plate illegible commits an infraction and shall be penalized under G.S. 14-3.1.

N.C. Gen. Stat. Ann. § 20-63. Importantly, this law does *not* prohibit the use of license plate covers. Indeed, a bill that would have prohibited clear and tinted license plate covers was introduced in 2011, but failed to pass the General Assembly. *See* 2011 H.B. 499 (2011-2012 Sess.) ("An Act to Make Placing a Clear or Color-Tinted License Plate Cover on a License Plate Affixed to a Motor Vehicle Unlawful."). Thus, the use of a license plate cover does not, in itself, violate North Carolina law. Rather, a driver commits an infraction *only* if use of the cover renders the plate "illegible." N.C.G.S. § 20-63.

The only question before this Court is whether the temporary tag on Mr. Mobley's car was "illegible." The officers' own body cam footage shows that it was not. This footage allows the Court to view the scene of the traffic stop, including the tag, almost exactly as the officers did. The footage shows that the numbers of the temporary tag are legible and unobstructed, even though the

stop occurred at nighttime and some of the numbers are written in marker. *See* Exhibit B (screenshots).

Without an "illegible" tag, there was no justification for the officers to detain Mr. Mobley's vehicle. "There was nothing illegal about the operation of the vehicle, and nothing appeared illegal about the temporary tag." *Wilson*, 205 F.3d at 723. "There is no evidence that the temporary tag was illegible or in any way obliterated, smudged, or faded." *Id.* "There is no evidence that the tag lacked any required information, that it was improperly displayed, or that it was concealed in any way." *Id.* (internal citations omitted). Further, it was dark, and both cars were moving. *Id.* To the extent that the officers had difficulty seeing the temporary tag, if any, "that appears to have been a function of the darkness and the small space provided" for the temporary tag registration numbers, and cannot form a basis for the stop. *Id.*

In stopping Mr. Mobley's vehicle without any suspicion, the officers engaged in precisely the "standardless and unconstrained discretion" that the Fourth Amendment forbids. *Id.* As the Supreme Court explained in holding suspicionless traffic stops unconstitutional, "[t]his kind of standardless and unconstrained discretion is the evil the Court has discerned when in previous cases it has insisted that the discretion of the official in the field be circumscribed, at least to some extent." *Delaware v. Prouse*, 440 U.S. 648, 661 (1978). Here, too, must the officers' unconstrained discretion must be circumscribed. Without any reasonable suspicion, the traffic stop violated Mr. Mobley's Fourth Amendment rights, and all evidence and statements obtained therefrom must be suppressed.

## CONCLUSION

The Fourth Amendment prohibits drivers, like Mr. Mobley, from being subjected to arbitrary and suspicionless seizures. This Court should trust its own eyes, and its own common sense, to conclude that Mr. Mobley's tag was in fact legible. Thus, the officers lacked any articulable suspicion to detain Mr. Mobley's vehicle. Any evidence obtained as a result of the violation of Mr. Mobley's constitutional rights must be suppressed as fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471, 486 (1963).

**WHEREFORE**, Defendant Rodney Jonathan Mobley respectfully requests that this Honorable Court suppress all evidence obtained as a result of the illegal seizure, any subsequent evidence, and any statements resulting from the illegal seizure.

Respectfully submitted:


<u>/s John Parke Davis</u>
John Parke Davis
Caryn Devins
Federal Public Defender
Western District of North Carolina
129 West Trade Street, Suite #300
Charlotte, North Carolina 28202
(704) 374-0720
FAX: (704) 374-0722
jp_davis@fd.org
Caryn_Devins@fd.org

## CERTIFICATE OF SERVICE

I, John Parke Davis, First Assistant Federal Defender, hereby certify that on this date, the foregoing motion was duly served upon Robert Gleason, by electronic mailing a copy thereof to their electronic email address on file with the Court.

> Robert Gleason
> Assistant United States Attorney
> U.S. Attorney's Office
> Carillon Building, Suite 1700
> 227 West Trade Street
> Charlotte, NC 28202
> Phone: 704-344-6222
> Email: Robert.Gleason@usdoj.gov

This the 7th day of March, 2018

> /s John Parke Davis
> John Parke Davis
> Caryn Devins
> Federal Public Defender
> Western District of North Carolina
> 129 West Trade Street, Suite #300
> Charlotte, North Carolina 28202
> (704) 374-0720
> FAX: (704) 374-0722
> jp_davis@fd.org
> Caryn_Devins@fd.org